# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GEORGE R. HAWTHORNE, et al.,

      Plaintiffs,

v.                                            Civil No. 03-1112 WPJ ACT

INTERNAL REVENUE SERVICE, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the United States (IRS) Motion to Dismiss, or for Summary Judgment, filed October 29, 2003 (**Doc. 10**). Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and will be granted.

Because the Plaintiff is proceeding *pro se*, I construe the complaint liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Based on a fair reading of the complaint, the Plaintiff seeks to prohibit the federal government (1) from levying taxes on pre-tax dollars for adjustable gross income, instead of taxable income; (2) from levying taxes on post-tax dollars to "to pay taxes on levies"; (3) from taxing the purchase price of stocks "instead of profit or loss on sale"; and (4) challenges the IRS' present method of assessing taxes in stock distributions.[1] He requests numerous types of injunctive relief, including ordering the Government to refund all "schedule B taxes," to cancel all penalties and interest," and to make certain changes to its present methods of assessing taxes in specific areas.

---

[1] Plaintiff also seeks to prohibit the State of New Mexico from taxing social security payments, which is the subject of a separate motion to dismiss filed separately by that Defendant (Doc. 8).

*Legal Standard*

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court should accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the non-moving party. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court's function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

Defendant IRS moves to dismiss on the basis that this Court has no jurisdiction over any of Plaintiff's claims. Subject matter jurisdiction must be decided prior to a resolution on the merits. Ruhrgas Ag v. Marathon Oil Co., et al., 526 U.S. 574 (1999) (recognizing subject matter jurisdiction is a "threshold matter"). A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. . Sizova v. National Institute of Standards & Technology, 282 F3d 1320, 1324-25 (10th Cir. 2002). Thus, because the motion to dismiss is based on a lack of jurisdiction, there is no need to convert the motion to dismiss to one for summary judgment based on defendant's reference to matters which are technically outside of the complaint. Sizova, 282 F3d at 1324-25; SK Finance SA v. La Plata County, Bd. of County Commissioners, 126 F.3d 1272, 1275 (10th Cir. 1997).

The United States may not be sued without its consent, and the terms of any consent

define the Court's jurisdiction.  United States v. Dalm, 494 U.S. 596, 600 (1990). This waiver of immunity should be neither extended nor narrowed beyond that which Congress intended.  U.S. v. Kubrick, 444 US 111,  117-18 (1979). Plaintiffs bear the burden of establishing jurisdiction and a waiver of sovereign immunity.  McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 188 (1936); Fostvedt v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992).

## DISCUSSION

It is clear that Plaintiff is actually seeking to enjoin assessment or collection of a federal tax, judging by the self-styled caption to his complaint, and the allegations themselves.  The Anti-Injunction Act, 26 U.S.C. §§ 7421-7434, states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."[2] To have subject matter jurisdiction to order such relief, the district court must find that plaintiffs' claim falls within one of the narrow exceptions to that Act.  See James v. U.S., 970 F.2d 750 (10th Cir. 1992) (Lowrie v. U.S., 824 F.2d 827 (10th Cir. 1987) (plaintiff cannot avoid Anti-Injunction Act by raising constitutional claims . . . exceptions to the Act are rare). One exception is the failure to receive a deficiency notice. 26 U.S.C. §§ 6212(c)(1); Guthrie v. Sawyer, et al., 970 F.2d 733 (10th Cir. 1992). Also, if Plaintiff can present evidence that the IRS could not ultimately prevail and that if equity jurisdiction otherwise exists, injunctive relief is available to protect a taxpayer from the collection of taxes. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962).[3]

---

[2]  Plaintiff's claims would also be barred by the Declaratory Judgment Act, 28 U.S.C.§ 2201, which excludes suits "with respect to Federal taxes. . . ." See Bob Jones Univ. v. Simon, 416 U.S. 725, 732-733 n.7 (1974).

[3] Showing a probable success on the merits would not be a prerequisite where a plaintiff has no other remedy. See South Carolina v. Regan, 465 U.S. 367 91984). However, in this case,

Plaintiff does not allege that he did not receive a notice of deficiency. He does mention that the IRS violated his appeal rights by refusing to send the matter on to "appeals." See Attachments to Pltff's Response. However, this allegation does not measure up to one of the exceptions to the Anti-Injunction. As far as showing that he can ultimately prevail on the merits, Plaintiff has lost cases involving similar issues in federal court and in Tax Court, in 1988 and 1999, respectively. See Attachments to Mot. to Dismiss. Thus, because Plaintiff cannot demonstrate that his case falls into either exception to the Anti-Injunction Act, this Court does not have jurisdiction over his claims.

**THEREFORE**,

**IT IS ORDERED** that the United States (IRS) Motion to Dismiss, or for Summary Judgment **(Doc. 10)**, is hereby GRANTED in that Plaintiff's claims against the United States are DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE

---

Plaintiff cay pay assessed tax and then sue for a refund. See Flora v. U.S., 362 U.S. 145 (1960). Thus, this particular twist to the Anti-Injunction exception does not apply here.