# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GEORGE R. HAWTHORNE, et al.,

      Plaintiffs,

v.                                                                                  Civil No. 03-1112 WPJ ACT

INTERNAL REVENUE SERVICE, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a Motion to Dismiss filed by Defendant State of New Mexico, Taxation and Revenue Department on October 2, 2003 **(Doc. 8)**. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and will be granted.[1]

Because the Plaintiff is proceeding *pro se*, I construe the complaint liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Based on a fair reading of the allegations in the complaint directed against the State, Plaintiff alleges that the State's practices of charging personal income tax for reinvested dividends in mutual funds, and the taxing of social security dollars, is illegal; and that he was ill-treated by the Internal Revenue Service ("IRS").

*Legal Standard*

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court should accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the non-moving party. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d

---

[1] Plaintiff has not responded to the motion.

1381, 1384 (10th Cir. 1997).  A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court's function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). However, Plaintiff's claims must be dismissed on jurisdictional grounds.

      Defendant State of New Mexico Taxation and Revenue Department ("Defendant") offers several theories of dismissal, all of which I need not address.  Most obviously, Plaintiff's action against this Defendant is barred by the Eleventh Amendment, which immunizes states from suits in law or equity, including injunctive actions. Cory v. White, 457 U.S. 85, 90-91 (1982). Under the arm-of-the-state doctrine, this immunity extends to entities created by state governments which operate as their alter egos or instrumentalities. Mascheroni v. Board of Regents, 28 F.3d 1554, 1559 (10th Cir.1994).  Elam Construction, Inc. v. Regional Transportation Distr., 129 F.3d 1343, 1345 (10th Cir. 1997).

      Further, this Court has no jurisdiction over Plaintiff's claims because a federal court may not "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law," unless an individual can show the lack of a "plan, speedy and efficient remedy" in State court.  28 U.S.C. § 1341 ("Tax Injunction Act"); see also Jerron West, Inc. v. Calif. State Bd. of Equalization, 129 F.3d 1334, 1337 (9th Cir. 1997).  Further, considerations of comity would require the same result.  To do otherwise would essentially attempt federal judgments "without first permitting the State to rectify any alleged impropriety." Fair Assessment in Real Estate Ass'n,

Inc. v. McNary, 454 U.S. 100, 114 (1981).

**THEREFORE**,

**IT IS ORDERED** that the Motion to Dismiss filed by Defendant State of New Mexico, Taxation and Revenue Department **(Doc. 8)** is GRANTED in that all of Plaintiff's claims against this Defendant are DISMISSED.

_____
UNITED STATES DISTRICT JUDGE